UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALICE DAVIS                                                                                             PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:12cv267-DPJ-FKB

VARIETY STORES, INC., et al.                                                              DEFENDANTS

ORDER

This slip-and-fall case is before the Court on Defendant's Motion for Summary Judgment [71]. Because there are genuine issues of material fact for trial, the motion is denied.

I.      Facts and Procedural History

On November 24, 2009, Plaintiff Alice Davis was a customer at Bill's Dollar Store in Raymond, Mississippi, which was operated by Defendant Variety Stores, Inc. Davis maneuvered between two clothes racks that she says were placed close together, tripped, fell, and injured herself. Davis says that her foot hit something that caused her to trip, and the only thing in the vicinity that could have caused the fall was one of the clothes racks. Davis filed this lawsuit in Hinds County Circuit Court on February 29, 2012, asserting a negligence claim against Variety and John Doe Defendants. Variety removed the case to this Court, and at the close of discovery filed its motion for summary judgment. The matters raised have been fully briefed, and the Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III.   Analysis

"Premises liability analysis under Mississippi law requires three determinations: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009) (citing *Massey v. Tingle*, 867 So. 2d 235, 239 (Miss. 2004)). There is no dispute that Davis was a business invitee at the time of her accident. "The premises encountered by a business invitee must be reasonably safe, and when they are not, the invitee is to be warned of perils that are not in plain view." *Id.*

Davis asserts that the placement of the clothes racks presented an unreasonably dangerous condition for which Variety may be held liable. Variety argues that Davis's claim fails for two reasons: (1) there is no evidence that a clothes rack caused Davis to trip and fall, and (2) clothes

racks are not unreasonably dangerous as a matter of Mississippi law.  Neither argument entitles Variety to summary judgment.

     A.       The Cause of the Fall

Davis testified that, just before her fall, she saw some racks of T-shirts that she wanted to look at:

     A.       So I goes over and saw the shirts, and so I maneuver between the racks. They were sort of close.  I maneuvered through the racks, looked at the T-shirts, they wasn't my size.

     Q.       Okay.

     A.       When I got ready to turn around and go back out that same way, I maneuvered through it again and that's when my foot hit something on the floor and I lost my balance and fell.

     Q.       Okay.  And so you say that your foot hit something.  You stated on your accident statement that the foot hit the clothes rack.  Was it the clothes rack that you tripped on?

     A.       That was the only thing I saw on the floor when I looked back.

Davis Dep. [71-2] 20.  Davis was also asked whether she "look[ed] around to see what [she] might have fallen over" after she fell, to which she responded:

     A.       Yes, sir, I looked back, yes.

     Q.       Okay.  But you didn't see anything on the floor; is that right?

     A.       Only thing I saw was the—the bars that the racks that the clothes fit on, you know, that fits the floor.

     Q.       Right.

     A.       That's the only thing I saw.

     Q.       The sort of feet of the clothes rack—

      A.      Right.

      Q.      —is that what you're talking about?

      A.      Uh-huh.

      Q.      Is that right?

      A.      Yes.

Davis Dep. [79-1] 26–27. This contention is consistent with Davis's statement in a Variety Incident Report form, completed the day of the accident, in which she stated that foot hit the clothes rack causing her to fall. Incident Report [75-1].[1] These statements, taken together, provide sufficient circumstantial evidence to raise a fact issue whether Davis tripped over a clothes rack, causing her fall. Defendants' arguments to the contrary merely go to weight.

      B.      Unreasonably Dangerous Condition

Variety argues that "a clothes rack is, as a matter of law, **not** an unreasonably dangerous condition." Def.'s Mem. [72] at 5. Variety bases this argument on a principle announced in *Tate v. Southern Jitney Jungle Co.*, that "dangers which are usual and which customers normally expect to encounter on the business premises, such as thresholds, curbs and steps" are not

---

[1] Variety attacks the admissibility of Davis's statement in the incident report in a footnote: "Plaintiff's statement in the incident report is inadmissible hearsay and should not be considered in the summary judgment analysis." Def.'s Reply Mem. [79] at 1 n.1 (citing Fed. R. Evid. 801, 802; Fed. R. Civ. P. 56(c)). Following the 2010 amendments to Rule 56, however, the proper objection to evidence submitted on a motion for summary judgment is "that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Such an objection "functions much as an objection at trial, adjusted to the pretrial setting," and places "[t]he burden . . . on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." *Id.* advisory committee's notes to 2010 amendments. Variety failed to make the proper objection and therefore deprived Davis of the opportunity to respond. Regardless, the Court concludes that Davis's statement in the incident report would likely qualify as a declarant-witness's prior statement under Federal Rule of Evidence 801(d)(1)(B).

unreasonably dangerous.  650 So. 2d 1347, 1351 (Miss. 1995).  The Fifth Circuit recently questioned "whether the *Tate* labeling of certain hazards as usual and normally expected has any continuing relevance" under Mississippi law.  *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 277 (5th Cir. 2009).  The Fifth Circuit in *Wood* ultimately concluded that federal courts in Mississippi should continue to follow "*Tate* and its almost exclusively federal offspring . . . until the Mississippi Supreme Court directs otherwise."  *Id.* at 281.

A more recent panel of the Fifth Circuit explained that *Tate*'s "categorical exclusion" should not be extended to usual and normally expected hazards that are somehow defective.  *Cox v. Wal-Mart Stores E., L.P.*, 13-60454, 2014 WL 2598737, at *2 (5th Cir. June 10, 2014) (reversing summary judgment where store's door threshold "was rocking up and down as people walked across it").  The *Cox* court found a defective threshold "more akin to the factual situation in *Tate* itself, which involved a sharp edge beneath a deli counter which caused injury to the plaintiff."  *Id.* at *3.  While both a deli counter and a threshold are usual and expected hazards on a business's premises, a defect in such an expected hazard "falls outside the range of any categorical exclusions created by [the *Tate*] case."  *Id.*; *see also Woten v. Am. Nat. Ins. Co.*, 424 F. App'x 368, 370 (5th Cir. 2011) (rejecting argument that premises owner could have no liability for trip over usual and expected curb because plaintiff "contend[ed] that it was the inadequacy of the lighting combined with the curb—not just the curb—that formed the unreasonably dangerous condition").

Applying Mississippi law to the facts, the clothes racks—as positioned when Davis encountered them—may have created an unreasonably dangerous condition.  The issue presents a question of fact for the jury and should not be decided as a matter of law.  *See Wood*, 556 F.3d at

280 ("In the post-*Tharp* legal world, summary judgment for a defendant rarely is sustained." (citing *Tharp v. Bunge Corp.*, 641 So. 2d 20 (Miss. 1994), in which the Mississippi Supreme Court abolished the open and obvious defense to a premises liability claim in favor of statutory comparative-negligence principles)).

Specifically, a district manager employed by Variety testified that clothes racks in the store should have been placed a minimum of 32 inches apart to make them wheelchair accessible. Rush Dep. [75-6] 32–33. But Davis testified that the racks were so close together that she had to "maneuver" and "wiggle" between them. Davis Dep. [77-4] 30. If Davis had to maneuver and wiggle to walk between two clothes racks, a juror could conclude that the racks were placed less than 32 inches apart.[2] A juror could further conclude that the placement of the racks created an unreasonably dangerous condition. Viewing the evidence in the light most favorable to Davis, and crediting her testimony, the Court concludes that a fact question exists whether Variety created an unreasonably dangerous condition that caused Davis's fall. The motion for summary judgment is therefore denied.

IV.     Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, the Motion for Summary Judgment [71] is denied.

**SO ORDERED AND ADJUDGED** this the 1st day of July, 2014.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE

---

[2] Davis has also submitted a series of photographs that she says "are a true and accurate depiction of the spaces between the clothing racks at Bill's Dollar Store on or about November 24, 2009." Davis Aff. [75-10] ¶ 2; *see* Photos [75-5]. But having viewed the photographs, the Court cannot determine how far apart the photographed clothes racks were placed.